# Birmingham W. W. Co. *v.* Kirkland.

*Damages for Cutting Off Water Supply.*

(Decided January 12, 1915.   67 South. 757.)

*Courts; Stare Decisis; Appellate Court.*—The Court of Appeals must follow a decision of the Supreme Court, construing a contract, notwithstanding a previous decision of the Court of Appeals construed the same contract differently.

APPEAL from Jefferson Circuit Court.

Heard before Hon. THOMAS W. WERT.

Action by K. K. Kirkland against The Birmingham Water Works Co., for damages for cutting off his water supply.  Judgment for plaintiff and defendant appeals. Reversed and remanded.

FRANK SPURLOCK, JOHN LONDON, HENRY FITTS and PERCY BENNERS & BURR, for appellant.  The Supreme

[Birmingham W. W. Co. v. Kirkland.]

Court has recently construed the contract under which recovery is sought and held against the views taken by the trial court. Under the statute, the Court of Appeals must follow a decision of the Supreme Court, notwithstanding it had adopted a different rule. Under the authority of *Birmingham W. W. Co. v. Windham,* 67 South. 424, this case must be reversed.

CLAUD D. RITTER, for appellee. The court followed the case of *Birmingham W. W. Co. v. Keiley,* 2 Ala. App. 636, which is based upon the holding of the Supreme Court in the following cases.—*Smith v. B'ham W. W. Co.,* 104 Ala. 315; *B'ham W. W. Co. v. Truss,* 135 Ala. 530, hence there is no error in the record.

PELHAM, P. J.—Confessedly the cardinal proposition, and the only fundamental question sought to be presented by appellant in bringing this appeal, involving substantially the same matters that had been previously passed upon by this court in an opinion written by Judge De Graffenried while a member of the court, in the case of *Birmingham Waterworks v. Keiley,* 2 Ala. App. 629, 56 South. 838, was to get a ruling from the court at variance with the previous holding in the Keiley Case. It was understood that the same question presented by the record in this case, involving a construction of the identical provisions of the contract between the city of Birmingham and the appellant, had been submitted to the Supreme Court in a case before it; and as this court is required by the statute of its creation to conform its holdings to the decisions of the Supreme Court, to the end that there shall be a uniformity of decisions in the state, it has been deemed proper, to avoid any confusion that might arise, to await the holding of the Supreme Court on the construction of the contract involved on this appeal.

In the case of *Birmingham Waterworks Co. v. Windham,* 67 South. 424, the Supreme Court has passed upon the main question presented on the appeal in this case, rendering an opinion giving a construction to the provisions of said contract as construed in the opinion in the *Keiley Case, supra,* that is entirely at variance with the views expressed in the latter case. The rulings of the trial court in the instant case are in harmony with the *Keiley Case,* and it follows that they are not in accord with the holding of the Supreme Court in the *Windham Case, supra,* and that the proper order here is a reversal in conformity with the controlling holding in the latter case.

Reversed and remanded.